■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER B. WASHINGTON, Appellant. [923 NYS2d 151]—

Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated March 30, 2010, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the County Court, Suffolk County, for further proceedings consistent herewith.

At the defendant's hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]), the County Court properly assessed the defendant 115 points, which was in the range for a presumptive risk level three assessment. The defendant, however, asserted that his participation and achievement in a prison sex offender treatment program was exemplary, and that achievement, as well as others in prison, warranted that the County Court downwardly depart from that presumptive risk level. The County Court declined to downwardly depart, on the ground that participation in treatment is adequately taken into consideration in the categories related to acceptance of responsibility and conduct while incarcerated. This was error.

When the SORA Guidelines and Commentary were first promulgated in 1997, they did not take into account an offender's response to treatment, despite the specific command in

SORA itself that treatment be considered. In Correction Law § 168-*l*, which establishes the Board of Examiners of Sex Offenders (hereinafter the Board), the Legislature provided that "[t]he Board shall develop guidelines and procedures to assess the risk of a repeat offense," which "shall be based upon, but not limited to, the following: . . . (f) the sex offender's response to treatment" (Correction Law § 168-*1* [5] [f]).

In drafting the Guidelines, however, the Board expressly rejected routine consideration of an offender's response to treatment. In the Appendix to the Guidelines and Commentary, the Board noted that a panel of experts reviewed the proposed guidelines and made recommendations, one of which is relevant to the case at bar: "the panelists encouraged skepticism toward treatment, recommending that an offender's participation in a treatment program, by itself, should not reduce his risk level. The Board accepted this recommendation" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 24 [2006]). Thus, as the Board explained in its Commentary to the Guidelines, it "initially considered having a separate category for whether the offender was in a treatment program. Because the efficacy of sex offender treatment is open to question, this approach was rejected (Kaul 1993 [*Sex offenders—cure or management?*, Med Sci Law, vol 33, No. 3, at 207-212 (1993)]; Marshall, Laws & Barbaree 1990 [*Present status and future directions*, in Marshall, Laws and Barbaree (editors), Handbook of Sexual Assault (New York: Plenum Press 1990)]). An offender's response to treatment, if exceptional, can be the basis for a downward departure" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 17 [2006]).

Inasmuch as the County Court held, as a legal matter, that treatment is adequately taken into account in the Guidelines, it did not assess whether the defendant's response to treatment was exceptional and, if so, whether, as a discretionary matter, a downward departure was appropriate. We therefore remit the matter to the County Court, Suffolk County, for the court to make that assessment and, in the event the County Court determines that the defendant's response to treatment was exceptional, whether, in the court's discretion, a downward departure is warranted. We express no opinion as to either issue. Dillon, J.P., Balkin, Leventhal and Hall, JJ., concur.