■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MIGLIACCIO, Appellant. [935 NYS2d 603]—

At the defendant's hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), he sought a downward departure from his presumptive risk level based, inter alia, on his response to the therapeutic treatment he had received while incarcerated, which included intensive sex offender treatment, and an independent psychological evaluation which assessed his current psychological functioning. The County Court denied the defendant's application on the ground that his participation in treatment was adequately taken into account by the risk assessment instrument in the categories related to acceptance of responsibility and conduct while incarcerated. However, the SORA Risk Assessment Guidelines and Commentary recognize that "[a]n offender's response to treatment, if exceptional, can be the basis for a downward departure" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 17 [2006]; *see People v Washington*, 84 AD3d 910, 911 [2011]; *see also People v Wyatt*, 89 AD3d 112 [2011]). Accordingly, the County Court erred in holding, as a matter of law, that an offender's participation in treatment is adequately taken into account by the risk assessment instrument and, thus, is not a mitigating factor which may form the basis for a downward departure (*see People v Washington*, 84 AD3d at 910).

In view of the County Court's conclusion that treatment is adequately taken into account in the risk assessment instrument, it did not determine whether the defendant had established, by a preponderance of the evidence, that he made an exceptional response to treatment, and, if so, whether it should exercise its discretion to grant a downward departure "based upon an examination of all circumstances relevant to the offender's risk of reoffense and danger to the community" (*People v Wyatt*, 89 AD3d at 128). Accordingly, the matter must be remitted to the County Court, Suffolk County, to determine those issues (*see People v Washington*, 84 AD3d at 911). We express no opinion as to either issue. Angiolillo, J.P., Dickerson, Lott and Miller, JJ., concur.