■ The People of the State of New York, Respondent, v David Watson, Appellant. [944 NYS2d 584]—

Appeal by the defendant from an order of the County Court, Westchester County (Cacace, J.), dated December 12, 2011, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Correction Law § 168-n (3) requires a court making a risk level determination pursuant to the Sex Offender Registration Act (hereinafter SORA) to "render an order setting forth its determinations and the findings of fact and conclusions of law

on which the determinations are based." Here, the County Court failed adequately to set forth findings of fact and conclusions of law to support its denial of the defendant's request for a downward departure from his presumptive designation as a level two sex offender. However, remittal to the County Court is not required since the record is sufficient for this Court to make its own findings of fact and conclusions of law (*see People v Harris*, 93 AD3d 704 [2012]; *People v Bogert*, 91 AD3d 925, 926 [2012]; *People v Suber*, 91 AD3d 619 [2012]; *People v Bowden*, 88 AD3d 972 [2011]).

A downward departure from a sex offender's presumptive risk level generally is only warranted where there exists a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the SORA Guidelines (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]; *People v Fernandez*, 91 AD3d 737 [2012], *lv denied* 18 NY3d 811 [2012]). A defendant seeking a downward departure has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (*People v Wyatt*, 89 AD3d 112, 128 [2011]). Although the defendant identified the existence of appropriate mitigating factors that could provide a basis for a discretionary downward departure, he failed to establish the facts in support of the existence of these factors by a preponderance of the evidence. In this regard, we note that while the SORA Risk Assessment Guidelines and Commentary recognize that "[a]n offender's response to treatment, if exceptional, can be the basis for a downward departure" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 17 [2006]; *see People v Washington*, 84 AD3d 910, 911 [2011]), the letters from the defendant's treatment providers merely indicated that the defendant, who had been in treatment for about a year, was making good progress. Further, the defendant's retained psychiatrist relied in large measure on the defendant's own statements to conclude that he was at low risk to reoffend, and did not take into consideration other evidence contradicting the defendant's claims that his involvement with child pornography was episodic and infrequent through the years. Accordingly, the materials submitted by the defendant did not satisfy his burden of demonstrating, by a preponderance of the evidence, the existence of the mitigating factors on which he relied (*see People v Wyatt*, 89 AD3d at 130). Dillon, J.P., Balkin, Eng and Chambers, JJ., concur.