■ THE PEOPLE OF STATE OF NEW YORK, Respondent, v SYL-VESTER PEEPLES, Appellant. [950 NYS2d 618]—

Appeal by the defendant from an order of the County Court, Westchester County (Cacace, J.), entered November 28, 2011, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

A court has the discretion to downwardly depart from the presumptive risk level in a proceeding under the Sex Offender Registration Act (hereinafter SORA) (*see* Correction Law art 6-C) only after the defendant makes a twofold showing. First, the defendant must identify "as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines" (*People v Wyatt*, 89 AD3d 112, 128 [2011]). Second, the defendant must prove by a preponderance of the evidence the facts necessary to support that mitigating factor (*id.*). In the absence of that twofold showing, the court lacks discretion to depart from the presumptive risk level (*see People v Martin*, 90 AD3d 728, 728-729 [2011]; *People v Wyatt*, 89 AD3d at 124). Here, the only appropriate mitigating factor that the defendant identified was his assertedly "excep-

tional" response to treatment (*People v Washington*, 84 AD3d 910, 911 [2011]). Inasmuch as the defendant failed to satisfy his burden of proving by a preponderance of the evidence facts supporting a departure on this ground, the court lacked the discretion to downwardly depart from the presumptive risk level (*see People v Watson*, 95 AD3d 978 [2012]).

The defendant was not deprived of his right to effective representation at the SORA hearing (*see People v Bowles*, 89 AD3d 171, 179 [2011]). Florio, J.P., Balkin, Hall and Miller, JJ., concur.