■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON L. HAYS, Appellant. [951 NYS2d 437]—

Memorandum: On appeal from an order determining, inter alia, that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), defendant contends that County Court erred in denying his request for a downward departure to a level one risk. We reject that contention. Although the court may, in the exercise of its discretion, "depart from the presumptive risk level even if the Board [of Examiners of Sex Offenders] does not recommend such a departure" (*People v Johnson*, 11 NY3d 416, 421 [2008]), a downward departure is warranted only " 'where "there exists . . . [a] mitigating factor of a kind or to a degree, not otherwise adequately taken into account by the guidelines" ' " (*People v Hamelinck*, 23 AD3d 1060, 1060 [2005]). Defendant must present "clear and convincing evidence of the existence of special circumstances to warrant a[ ] . . . downward departure" (*id.* [internal quotation marks omitted]; *see People v Vaughn*, 26 AD3d 776, 777 [2006]). Contrary to defendant's contention, he

has not established that his participation in a sex offender treatment program entitles him to a downward departure. Although "[a]n offender's *response* to [sex offender] treatment, *if exceptional,* can be the basis for a downward departure" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006] [emphasis added]), here defendant failed to demonstrate by clear and convincing evidence that he had an *exceptional response* to sex offender treatment. Present—Smith, J.P., Peradotto, Carni, Lindley and Martoche, JJ.