Appeal by the defendant, as limited by his brief, from so much of an order of the County Court, Suffolk County (Kahn, J.), dated March 9, 2012, as, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.
Contrary to the defendant’s contention, the County Court properly denied his request for a downward departure from the presumptive risk level three designation. A downward departure from a sex offender’s presumptive risk level generally is only warranted where there exists a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the Sex Offender Registration Act Guidelines (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; People v Watson, 95 AD3d 978, 979 [2012]). A defendant seeking a downward departure has the initial burden of “(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence” (People v Wyatt, 89 AD3d 112, 128 [2011]).
Here, the defendant identified the existence of an appropriate mitigating factor that could provide a basis for a discretionary downward departure (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]; People v Watson, 95 AD3d at 979; People v Migliaccio, 90 AD3d 879, 880 [2011]; People v Washington, 84 AD3d 910, 911 [2011]). However, as the County Court found, the defendant failed to establish the facts in support of its existence by a preponderance *747 of the evidence (see People v Watson, 95 AD3d at 979; People v Wyatt, 89 AD3d at 128). The materials submitted by the defendant did not show that his response to treatment was exceptional (see People v Watson, 95 AD3d at 979). Rivera, J.E, Angiolillo, Chambers and Roman, JJ., concur.