■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN MARTINEZ, Appellant. [962 NYS2d 336]—

Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated May 1, 2012, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant contends that the County Court should have departed from the presumptive risk level because he allegedly had an "exceptional response" to treatment while incarcerated. A downward departure from a sex offender's presumptive risk level generally is warranted only where there exists a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the Sex Offender Registration Act (hereinafter SORA) Guidelines (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; *People v Fernandez*, 91 AD3d 737 [2012]). A defendant seeking a downward departure has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (*People v Wyatt*, 89 AD3d 112, 128 [2011]). While the SORA Guidelines recognize that "[a]n offender's response to treatment, if exceptional, can be the basis for a downward departure" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]; *see People v Washington*, 84 AD3d 910, 911 [2011]), the defendant failed to prove such a basis. Indeed, other than his own self-serving testimony regarding the treatment pro-

grams in which he participated while incarcerated and the effect of such programs upon his character, the defendant offered no proof to support his contention that he had an exceptional response to treatment so as to warrant a downward departure. Accordingly, inasmuch as the defendant failed to satisfy his burden of proving by a preponderance of the evidence facts supporting a departure on this ground, the court lacked the discretion to downwardly depart from the presumptive risk level (see *People v Peeples*, 98 AD3d 491 [2012]; *People v Watson*, 95 AD3d 978 [2012]; *People v Wyatt*, 89 AD3d at 130). Skelos, J.P., Leventhal, Austin and Sgroi, JJ., concur.