Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated June 23, 2011, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
Ordered that the order is affirmed, without costs or disbursements.
A court has the discretion to downwardly depart from the presumptive risk level in a proceeding under the Sex Offender Registration Act (see Correction Law § 168 et seq.; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary *725 [2006]), only after the defendant has made a twofold showing. First, the defendant must identify “as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines” (People v Wyatt, 89 AD3d 112, 128 [2011]; see People v Madison, 98 AD3d 573, 574 [2012]; People v Martin, 90 AD3d 728, 728 [2011]; People v Peeples, 98 AD3d 491, 491-492 [2012]). Second, the defendant must prove by a preponderance of the evidence the facts necessary to support that mitigating factor (see People v Wyatt, 89 AD3d at 128). In the absence of that twofold showing, the court lacks discretion to downwardly depart from the presumptive risk level (see People v Martin, 90 AD3d at 728-729; People v Wyatt, 89 AD3d at 128).
Upon remittal after the first appeal in this case (see People v Washington, 84 AD3d 910 [2011]), the County Court properly determined that the defendant had failed to establish by a preponderance of the evidence that his response to treatment was “exceptional” (id. at 911; see People v Wyatt, 89 AD3d at 127-128; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]). Consequently, the court properly denied the defendant’s application for a downward departure (see People v Martinez, 104 AD3d 924 [2013]; People v Peeples, 98 AD3d at 491-492).
Balkin, J.E, Leventhal, Roman and Hinds-Radix, JJ., concur.