■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMELO GUZMAN, Appellant. [973 NYS2d 310]—

Appeal by the defendant from an order of the Supreme Court, Richmond County (Meyer, J.), dated June 2, 2011, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, the Supreme Court properly denied his request for a downward departure from the presumptive risk level three designation. A downward departure from a sex offender's presumptive risk level generally is only warranted where there exists a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the Sex Offender Registration Act (hereinafter SORA) Guidelines (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; People v Watson, 95 AD3d 978, 979 [2012]). A defendant seeking a downward departure has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128 [2011]).

Here, the defendant identified an appropriate mitigating factor that could provide a basis for a discretionary downward departure (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]; People v Perez, 104 AD3d 746 [2013]; People v Watson, 95 AD3d at 979; People v Migliaccio, 90 AD3d 879, 880 [2011]; People v Washington, 84 AD3d 910, 911 [2011]). In this regard, the SORA Guidelines

recognize that "[a]n offender's response to treatment, if exceptional, can be the basis for a downward departure" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]; *People v Martinez*, 104 AD3d 924 [2013]; *People v Watson*, 95 AD3d at 979). However, the defendant failed to establish, by a preponderance of the evidence, the facts in support of its existence (*see People v Washington*, 105 AD3d 724, 725 [2013]; *People v Martinez*, 104 AD3d at 924-925; *People v Perez*, 104 AD3d at 746-747; *People v Watson*, 95 AD3d at 979; *People v Wyatt*, 89 AD3d at 128).

The defendant's remaining contention is without merit. Rivera, J.P., Sgroi, Cohen and Hinds-Radix, JJ., concur.