■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE ROLDAN, Appellant. [975 NYS2d 681]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Foley J.), dated April 17, 2012, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

One of the defendant's contentions on appeal is that he was entitled to a downward departure from the presumptive risk level because he allegedly had an "exceptional response" to

treatment while incarcerated. A defendant seeking a downward departure has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is not otherwise adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (*People v Wyatt*, 89 AD3d 112, 128 [2011]). The Sex Offender Registration Act Risk Assessment Guidelines and Commentary recognize that "[a]n offender's response to treatment, if exceptional, can be the basis for a downward departure" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]; *see People v Washington*, 84 AD3d 910, 911 [2011]). Here, however, the defendant's evidence did not prove that he had an exceptional response to treatment (*see People v Perez*, 104 AD3d 746, 747 [2013]; *People v Hays*, 99 AD3d 1212, 1213 [2012]; *People v Peeples*, 98 AD3d 491, 492 [2012]; *People v Watson*, 95 AD3d 978, 979 [2012]).

The defendant's remaining contentions regarding his request for a downward departure are without merit. Accordingly, he was not entitled to a downward departure from the presumptive risk level (*see People v Peeples*, 98 AD3d at 492; *People v Watson*, 95 AD3d at 979; *People v Wyatt*, 89 AD3d at 131). Mastro, J.P., Leventhal, Austin and Sgroi, JJ., concur.

