Appeal by the defendant from an order of the Supreme Court, Kings County (Foley J.), dated April 17, 2012, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
Ordered that the order is affirmed, without costs or disbursements.
One of the defendant’s contentions on appeal is that he was entitled to a downward departure from the presumptive risk level because he allegedly had an “exceptional response” to *910 treatment while incarcerated. A defendant seeking a downward departure has the initial burden of “(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is not otherwise adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence” (.People v Wyatt, 89 AD3d 112, 128 [2011]). The Sex Offender Registration Act Risk Assessment Guidelines and Commentary recognize that “[a]n offender’s response to treatment, if exceptional, can be the basis for a downward departure” (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]; see People v Washington, 84 AD3d 910, 911 [2011]). Here, however, the defendant’s evidence did not prove that he had an exceptional response to treatment (see People v Perez, 104 AD3d 746, 747 [2013]; People v Hays, 99 AD3d 1212, 1213 [2012]; People v Peeples, 98 AD3d 491, 492 [2012]; People v Watson, 95 AD3d 978, 979 [2012]).
The defendant’s remaining contentions regarding his request for a downward departure are without merit. Accordingly, he was not entitled to a downward departure from the presumptive risk level (see People v Peeples, 98 AD3d at 492; People v Watson, 95 AD3d at 979; People v Wyatt, 89 AD3d at 131). Mastro, J.E, Leventhal, Austin and Sgroi, JJ., concur.
29