■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER PENDLETON, Appellant. [975 NYS2d 908]—

Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated September 24, 2012, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed.

At a hearing conducted pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C; hereinafter

SORA), to determine the defendant's SORA risk level, the defendant requested that the County Court downwardly depart from his presumptive risk level. Although the defendant identified the existence of an appropriate mitigating factor that could provide a basis for a discretionary downward departure (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]; *People v Perez*, 104 AD3d 746 [2013]; *People v Migliaccio*, 90 AD3d 879, 880 [2011]; *People v Washington*, 84 AD3d 910 [2011]), he failed to establish the facts in support of its existence by a preponderance of the evidence (*see People v Perez*, 104 AD3d at 746-747; *People v Wyatt*, 89 AD3d 112, 128 [2011]). In that respect, while the case summary prepared by the Board of Examiners of Sex Offenders indicated that the defendant had completed alcohol and substance abuse treatment, and had participated in sex offender treatment, the case summary did not show that the defendant's response to treatment was exceptional, and the defendant did not submit any other evidence to so demonstrate (*see People v Perez*, 104 AD3d at 747; *People v Watson*, 95 AD3d 978 [2012]). Accordingly, the court lacked the discretion to downwardly depart from the presumptive risk level (*see People v Martinez*, 104 AD3d 924, 925 [2013]; *People v Peeples*, 98 AD3d 491 [2012]; *People v Wyatt*, 89 AD3d at 128, 130). Skelos, J.P., Cohen, Miller and Hinds-Radix, JJ., concur.