In determining a defendant’s risk level pursuant to the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]), “[a] downward departure from a sex offender’s presumptive risk level generally is only warranted where there exists a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the SORA Guidelines” (People v Watson, 95 AD3d 978, 979 [2012]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). A defendant seeking a downward departure has the initial burden of “(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence” (People v Wyatt, 89 AD3d 112, 128 [2011]).
Here, contrary to the defendant’s contention, he failed to show that his expected deportation was, “as a matter of law, an appropriate mitigating factor” (id.; see People v Kachalov, 106 AD3d 973, 973 [2013]). Accordingly, the defendant was not entitled to a downward departure from the presumptive risk level. Balkin, J.P., Lott, Austin and Miller, JJ., concur.