Appeal by the defendant from an order of the Supreme Court, Kings County (Balter, J.), dated August 21, 2012, which, after a hearing, designated him a level three sexually violent offender pursuant to Correction Law article 6-C.
Ordered that the order is affirmed, without costs or disbursements.
The defendant contends that he was entitled to a downward departure from the presumptive risk level because of his alleged “exceptional response” to treatment while incarcerated. A defendant seeking a downward departure has the initial burden of “(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is not otherwise adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence” (People v Wyatt, 89 AD3d 112, 128 [2011]). If the defendant fails to satisfy that twofold burden, the court lacks discretion to downwardly depart from the presumptive risk level (see People v Washington, 105 AD3d 724, 725 [2013]; People v Wyatt, 89 AD3d at 128).
Here, the defendant identified an appropriate mitigating fac *740 tor that could provide a basis for a discretionary downward departure, as the Sex Offender Registration Act Risk Assessment Guidelines and Commentary recognizes that “[a]n offender’s response to treatment, if exceptional, can be the basis for a downward departure” (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]; see People v Washington, 84 AD3d 910, 911 [2011]). However, the defendant failed to establish, by a preponderance of the evidence, that his response to treatment was exceptional (see People v Roldan, 111 AD3d 909 [2013]; People v Guzman, 110 AD3d 863 [2013], lv denied 22 NY3d 859 [2014]; People v Perez, 104 AD3d 746 [2013]; People v Watson, 95 AD3d 978, 979 [2012]). Accordingly, the Supreme Court properly denied the defendant’s application for a downward departure. Dillon, J.E, Leventhal, Hall and Austin, JJ., concur.