Appeal by the defendant, as limited by his brief, from so much of an order of the County Court, Suffolk County (Kahn, J.), dated March 22, 2013, as, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
*1019 Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.
At a hearing conducted pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) to determine the defendant’s SORA risk level, the defendant requested that the County Court downwardly depart from his presumptive risk level, relying, inter alla, upon his participation in a sex offender treatment program. In this respect, the defendant identified an appropriate mitigating factor that could provide a basis for a discretionary downward departure, as the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary recognizes that “[a]n offender’s response to treatment, if exceptional, can be the basis for a downward departure” (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]; see People v Jackson, 114 AD3d 739 [2014]; People v Pendleton, 112 AD3d 600 [2013], lv denied 22 NY3d 861 [2014]; People v Roldan, 111 AD3d 909 [2013], lv denied 22 NY3d 862 [2014]; People v Washington, 84 AD3d 910, 911 [2011]).
Although the County Court failed to set forth findings of fact and conclusions of law to support its denial of the defendant’s request for a downward departure on the basis of his participation in a sex offender treatment program, remittal to the County Court is not required since the record is sufficient for this Court to make its own findings of fact and conclusions of law (see People v Watson, 95 AD3d 978, 979 [2012]; People v Harris, 93 AD3d 704 [2012]). Upon our review of the record, we conclude that the defendant failed to establish facts in support of this mitigating factor by a preponderance of the evidence, because he did not establish that his response to treatment was exceptional (see People v Jackson, 114 AD3d 739 [2014]; People v Pendleton, 112 AD3d 600 [2013]; People v Roldan, 111 AD3d 909 [2013]; People v Guzman, 110 AD3d 863 [2013], lv denied 22 NY3d 859 [2014]; People v Perez, 104 AD3d 746 [2013]).
The defendant’s remaining contention is without merit.
Accordingly, the County Court properly denied the defendant’s application for a downward departure from his presumptive SORA risk level. Skelos, J.E, Austin, Sgroi and LaSalle, JJ., concur.