■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BURLEY S. COLLICK, Appellant. [4 NYS3d 897]—Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated May 8, 2014, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The Board of Examiners of Sex Offenders recommended that the defendant be classified as a level two sex offender, and the defendant requested a downward departure from that presumptive risk level. A court may depart from the presumptive risk level where the defendant identifies mitigating circumstances

of a kind or to a degree not adequately taken into account by the guidelines and proves by a preponderance of the evidence the existence of those circumstances in his or her case (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; *People v Gillotti,* 23 NY3d 841, 861 [2014]; *People v Torres,* 124 AD3d 744 [2015]; *People v Wyatt,* 89 AD3d 112, 124, 128 [2011]). Here, the County Court properly determined that the mitigating circumstances identified by the defendant either were adequately taken into account by the guidelines (*see People v Torres,* 124 AD3d at 745; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 16-17 [2006]) or were not proven by a preponderance of the evidence (*see People v Jackson,* 114 AD3d 739, 740 [2014]; *People v Pendleton,* 112 AD3d 600 [2013]; *People v Roldan,* 111 AD3d 909 [2013]; *People v Lombard,* 30 AD3d 573, 574 [2006]). Accordingly, the defendant was properly designated a level two sex offender. Skelos, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.