■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY JAMISON, Appellant. [6 NYS3d 625]—

Appeal by the defendant from an order of the Supreme Court, Kings County (J. Goldberg, J.), dated May 28, 2013, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court properly determined that the assessment of 15 points under risk factor 11, based on a history of drug or alcohol abuse, was supported by clear and convincing evidence. The case summary and the presentence investigation report indicated, among other things, that the defendant began to use marijuana every day when he was approximately 16 years old and continued to do so for at least nine years, was convicted out of state for selling cocaine, and was charged with a drug use violation and enrolled in a substance abuse program while incarcerated (*see People v Padilla*, 116 AD3d 566 [2014]; *People v Boykin*, 102 AD3d 937, 937 [2013]; *People v Finizio*,

100 AD3d 977, 978 [2012]; *cf. People v Filkins*, 107 AD3d 1069, 1069 [2013]).

In addition, the Supreme Court properly denied the defendant's application for a downward departure from his presumptive risk level assessment. A court has the discretion to depart from the presumptive risk level, as determined by use of the risk assessment instrument, where the defendant identifies mitigating circumstances of a kind or to a degree not adequately taken into account by the guidelines and proves by a preponderance of the evidence the existence of those circumstances in his or her case (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; *People v Gillotti*, 23 NY3d 841, 861 [2014]; *People v Torres*, 124 AD3d 744 [2015]; *People v Wyatt*, 89 AD3d 112, 124, 128 [2011]). Here, the Supreme Court properly determined that the mitigating circumstances identified by the defendant either were adequately taken into account by the guidelines (*see People v Torres*, 124 AD3d at 745; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 16-17 [2006]) or were not proven by a preponderance of the evidence (*see People v Jackson*, 114 AD3d 739, 740 [2014]; *People v Pendleton*, 112 AD3d 600 [2013]; *People v Roldan*, 111 AD3d 909 [2013]; *People v Lombard*, 30 AD3d 573, 574 [2006]).

Accordingly, the Supreme Court properly designated the defendant a level three sex offender. Mastro, J.P., Rivera, Dickerson and Maltese, JJ., concur.