■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM COOK, Appellant. [9 NYS3d 400]—

Appeal by the defendant from an order of the Supreme Court, Richmond County (Rienzi, J.), dated November 19, 2012, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, in determining his risk level under the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]), the Supreme Court did not

err in assessing him 20 points under risk factor 7 since the defendant's self-authored "Relapse Prevention Plan" described how the defendant groomed his victims, at least three of whom he knew through his longstanding friendship with their parents, for the primary purpose of victimizing them (*see People v Mollenkopf*, 54 AD3d 1136, 1137 [2008]; *People v Grosfeld*, 35 AD3d 692, 693 [2006]).

A court has the discretion to downwardly depart from the presumptive risk level in a proceeding under SORA (*see* Correction Law § 168 *et seq.*; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]), only after the defendant has made a twofold showing. First, the defendant must identify "as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines," and second, the defendant must prove by a preponderance of the evidence the facts necessary to support the existence of that mitigating factor (*People v Wyatt*, 89 AD3d 112, 128 [2011]; *see People v Worrell*, 113 AD3d 742 [2014]; *People v Martinez-Guzman*, 109 AD3d 462 [2013]; *People v Washington*, 105 AD3d 724 [2013]; *People v Lacewell*, 103 AD3d 784, 786 [2013]). In the absence of that twofold showing, the court lacks discretion to downwardly depart from the presumptive risk level (*see People v Lacewell*, 103 AD3d at 786; *People v Wyatt*, 89 AD3d at 128).

Here, the only appropriate mitigating factor that the defendant identified was his assertedly "exceptional" response to sex offender treatment (*People v Watson*, 95 AD3d 978, 979 [2012]; *see People v Washington*, 84 AD3d 910, 911 [2011]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17). The Supreme Court properly determined that the defendant failed to establish by a preponderance of the evidence that his response to sex offender treatment was "exceptional" (*People v Washington*, 105 AD3d at 725; *see People v Wyatt*, 89 AD3d at 128). Consequently, the court lacked the discretion to downwardly depart from the presumptive risk level (*see People v Pendleton*, 112 AD3d 600 [2013]; *People v Martinez*, 104 AD3d 924 [2013]; *People v Peeples*, 98 AD3d 491 [2012]).

In light of our determination, we need not reach the defendant's remaining contention. Skelos, J.P., Dillon, Austin and Hinds-Radix, JJ., concur.