# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

557

KA 15-00431

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

STEVEN B. LEWIS, DEFENDANT-APPELLANT.

---

JAMES S. KERNAN, PUBLIC DEFENDER, LYONS (DAVID M. PARKS OF COUNSEL), FOR DEFENDANT-APPELLANT.

RICHARD M. HEALY, DISTRICT ATTORNEY, LYONS (BRUCE A. ROSEKRANS OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Wayne County Court (Daniel G. Barrett, J.), dated March 5, 2015. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Wayne County Court for further proceedings in accordance with the following memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq*.). We agree with defendant that County Court erred in determining that his "participation in treatment is adequately taken into account by the risk assessment instrument" and, thus, cannot constitute "a mitigating factor which may form the basis for a downward departure" (*People v Migliaccio*, 90 AD3d 879, 880; *see People v Smith*, 122 AD3d 1325, 1326; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 17 [2006]). "In view of the [court's] conclusion that treatment is adequately taken into account in the risk assessment instrument, it did not determine whether . . . defendant had established, by a preponderance of the evidence, that he made an exceptional response to treatment, and, if so, whether it should exercise its discretion to grant a downward departure based upon an examination of all circumstances relevant to the offender's risk of reoffense and danger to the community" (*Migliaccio*, 90 AD3d at 880 [internal quotation marks omitted]). We therefore remit the matter to County Court to determine those issues (*see id.*).

Entered: June 10, 2016                    Frances E. Cafarell
                                          Clerk of the Court