# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

651
KA 15-02093
PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

HEATH E. JUNE, DEFENDANT-APPELLANT.

---

RICHARD L. SULLIVAN, BUFFALO, FOR DEFENDANT-APPELLANT.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Oswego County Court (Donald E. Todd, J.), dated March 10, 2014. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Contrary to defendant's contention, County Court did not err in assessing 20 points against him under the risk factor for a continuing course of sexual misconduct. " '[T]he court was not limited to considering only the crime of which defendant was convicted in making its determination' " (*People v Davis*, 145 AD3d 1625, 1626). Here, we conclude that the reliable evidence presented at the hearing, including the victim's grand jury testimony and her statement to the police, was "sufficient to establish that defendant engaged in a continuing course of sexual misconduct with that victim" (*People v Whyte*, 89 AD3d 1407, 1408; *see generally People v Hubel*, 70 AD3d 1492, 1493).

We also reject defendant's further contention that a downward departure from the presumptive risk level was warranted in this case. Although the court may "depart" from the presumptive risk level, "[t]he expectation is that the [risk assessment] instrument will result in the proper classification in most cases so that departures will be the exception – not the rule" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). While "[a]n offender's response to treatment, if exceptional, can be the basis for a downward departure" (*id.* at 17), defendant's participation and moderate success in treatment programs does not demonstrate that his response was exceptional (*see People v Pendleton*, 112 AD3d 600, 601, *lv denied* 22 NY3d 861; *People v Watson*, 95 AD3d 978, 979; *People v*

*Parker*, 81 AD3d 1304, 1304, *lv denied* 16 NY3d 713). Furthermore, defendant's self-serving statements regarding his progress carry little if any weight (*see People v Martinez*, 104 AD3d 924, 924-925, *lv denied* 21 NY3d 857). We therefore conclude that " 'defendant failed to prove by a preponderance of the evidence that his response to treatment was exceptional' " (*People v Butler*, 129 AD3d 1534, 1535, *lv denied* 26 NY3d 904).

Finally, to the extent that defendant contends that the court should have considered his marriage, new apartment and recent employment in determining whether a downward departure was warranted, we further conclude that "[d]efendant's 'stable lifestyle' was already taken into account by the risk assessment instrument" (*People v Cabrera*, 91 AD3d 479, 480, *lv denied* 19 NY3d 801).

Entered: May 5, 2017                    Frances E. Cafarell
                                        Clerk of the Court