People v Lazzari (2019 NY Slip Op 01110)





People v Lazzari


2019 NY Slip Op 01110


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-02790

[*1]People of State of New York, respondent,
v
Richard Lazzari, appellant.


Clare J. Degnan, White Plains, NY (Salvatore A. Gaetani of counsel; Marisa Finkelberg on the brief), for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Raffaelina Gianfrancesco and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), entered January 18, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant pleaded guilty to course of sexual conduct against a child in the first degree and was sentenced to prison. The Supreme Court held a risk level assessment hearing under the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA). The court designated the defendant a presumptive level three sex offender and denied the defendant's request for a downward departure. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006; hereinafter SORA Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
The defendant identified an appropriate mitigating factor in that the SORA Guidelines recognize that "[a]n offender's response to treatment, if exceptional, can be the basis for a downward departure" (SORA Guidelines at 17; see People v Pendleton, 112 AD3d 600). However, the defendant failed to show by a preponderance of the evidence that his response to treatment was exceptional (see People v Figueroa, 138 AD3d 708; People v Santiago, 137 AD3d 762).
The defendant's contention that his own alleged sexual abuse as a child is an [*2]appropriate mitigating factor is unpreserved for appellate review (see People v Wallace, 144 AD3d 775), and we decline to consider it in the interest of justice (see CPL 470.15[3][c]).
The parties' remaining contentions need not be reached in light of our determination.
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court