People v Rodriguez (2019 NY Slip Op 01805)





People v Rodriguez


2019 NY Slip Op 01805


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2018-02335

[*1]People of State of New York, respondent,
v
Javier Rodriguez, appellant.


Paul Skip Laisure, New York, NY (Lauren E. Jones of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Matthew J. D'Emic, J.), dated December 21, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant pleaded guilty to one count of criminal sexual act in the second degree (Penal Law § 130.45[1]). Prior to his release from prison, at a hearing pursuant to the Sex Offender Registration Act (see Correction Law § 168 et seq.; hereinafter SORA), the defendant was assessed 105 points under the risk assessment instrument, which would have placed him within the range for a presumptive level two designation. However, based upon the defendant's prior felony sex crime convictions, the defendant was deemed a presumptive level three sex offender pursuant to an automatic override (see People v Balcuns, 161 AD3d 1018, 1018; People v Berry, 138 AD3d 945, 946). The Supreme Court denied the defendant's request for a downward departure from the presumptive risk level, and adjudicated him a level three sex offender. The defendant appeals.
Correction Law § 168-n(3) requires a court making a risk level determination pursuant to SORA (see Correction Law art 6-C) to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based." Here, the Supreme Court did not adequately set forth its findings of fact and conclusions of law underlying its determination with respect to the defendant's request for a downward departure from the presumptive risk level. However, since the record is sufficient, this Court can render its own findings of fact and conclusions of law without remitting the matter to the Supreme Court (see People v Barrett, 123 AD3d 783, 783; People v Johnson, 118 AD3d 684; People v Brown, 116 AD3d 1017).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter the Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a [*2]departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant identified an appropriate mitigating factor, that he allegedly had excellent sex offender treatment records, that could provide a basis for a discretionary downward departure since "[a]n offender's response to treatment, if exceptional, can be the basis for a downward departure" (Guidelines at 17; see People v Washington, 84 AD3d 910, 911). However, the defendant failed to demonstrate by a preponderance of the evidence that his response to treatment was "exceptional" (Guidelines at 17; see People v Jackson, 114 AD3d 739, 740; People v Roldan, 111 AD3d 909, 910; People v Guzman, 110 AD3d 863).
Further, contrary to the defendant's contention, the fact that he scored in the moderate-high risk category on the Static-99R actuarial risk assessment instrument did not, on its own, qualify as an appropriate mitigating factor (see People v Curry, 158 AD3d 52, 56-61). Moreover, the other circumstances cited by the defendant in support of his application for a downward departure were adequately taken into account under the Guidelines (see Guidelines at 13-15, 17-18 [2006 ed]; People v Santiago, 137 AD3d 762, 764; People v Torres, 124 AD3d 744, 745-746).
Accordingly, we agree with the Supreme Court's determination denying the defendant's application for a downward departure.
LEVENTHAL, J.P., AUSTIN, ROMAN, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court