People v Ralph (2019 NY Slip Op 01804)





People v Ralph


2019 NY Slip Op 01804


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-12921

[*1]People of State of New York, respondent,
v
Richard Ralph, appellant.


Paul Skip Laisure, New York, NY (Jenin Younes of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (William Miller, J.), dated September 28, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Contrary to the defendant's contention, he failed to sustain his burden of proof in support of his application for a downward departure. Most of the circumstances cited by the defendant in support of his application were adequately taken into account under the Guidelines, including his remorse and acceptance of responsibility (see Guidelines at 15) and his satisfactory conduct while incarcerated (see Guidelines at 16-17). Accordingly, to the extent that the defendant relied upon these factors in support of his application for a downward departure, he failed to demonstrate that they constituted mitigating circumstances "of a kind or to a degree not adequately taken into account by the [G]uidelines" (People v Gillotti, 23 NY3d at 861, see People v Santiago, 137 AD3d 762, 764). The defendant also cited family support as a mitigating circumstance. However, he failed to demonstrate how having support from his family established a lower likelihood of reoffense or danger to the community. Thus, he failed to establish that this was an appropriate mitigating factor which was otherwise not adequately taken into account by the Guidelines (see People v Kohout, 145 AD3d 922). In any event, with respect to all of these circumstances, the defendant failed to demonstrate by a preponderance of the evidence that these [*2]circumstances "resulted in the over-assessment of his risk to public safety" (People v Wyatt, 89 AD3d at 129).
The defendant also contends that his alleged exceptional response to sex offender treatment constituted a mitigating factor warranting a downward departure from the presumptive risk level. Although a response to treatment may qualify as a ground for a downward departure where the response is "exceptional" (Guidelines at 17; see People v Meaders, 154 AD3d 978), the defendant failed to establish the facts in support of that ground by a preponderance of the evidence (see People v Santiago, 137 AD3d at 764; People v Martinez, 104 AD3d 924, 924-925; People v Watson, 95 AD3d 978, 979). The defendant's submissions included evaluations demonstrating his progress in understanding his crimes. However, the evidence relied on by the defendant did not show that his response to treatment was "exceptional" (Guidelines at 17; see People v Santiago, 137 AD3d at 764; People v Watson, 95 AD3d at 979).
Accordingly, we agree with the Supreme Court's determination denying the defendant's application for a downward departure and designating him a level two sex offender.
MASTRO, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court