People v Wilcox (2019 NY Slip Op 09312)





People v Wilcox


2019 NY Slip Op 09312


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2016-10684
2016-11247

[*1]People of State of New York, respondent,
v
Abking Wilcox, appellant. Paul Skip Laisure, New York, NY (Hannah Zhao of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Arieh Schulman of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two orders of the Supreme Court, Kings County (Michael J. Brennan, J.), both dated September 28, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the orders are affirmed, without costs or disbursements.
In these proceedings pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court, in connection with the defendant's conviction under Indictment No. 625/10, assessed the defendant 175 points and, in connection with the defendant's conviction under Indictment No. 1644/10, assessed the defendant 145 points, both within the range for a presumptive designation as a level three sex offender. The court denied the defendant's request for a downward departure from his presumptive risk level, and designated him a level three sex offender (see Correction Law § 168-n). The defendant challenges the denial of his request for a downward departure.
As regards the risk factor determination in connection with the defendant's conviction under Indictment No. 1644/10, while the Supreme Court should not have denied the defendant's application for a downward departure on the ground that it was premature (see People v Allende, 175 AD3d 732; People v McKinney, 173 AD3d 1074), remittitur is unnecessary. The record is sufficient for this Court to make its own findings of fact and conclusions of law (see People v Allende, 175 AD3d at 733; People v McKinney, 173 AD3d at 1075).
As to the risk factor determinations made in connection with the defendant's convictions under both indictment numbers, we agree with the Supreme Court's determination denying the defendant's application for a downward departure to a risk level two determination. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, [*2]23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Contrary to the defendant's contention, he failed to sustain his burden of proof in support of his application for a downward departure. While an offender's response to treatment, if exceptional, can form the basis for a downward departure (see Guidelines at 17; People v Washington, 84 AD3d 910, 911), the defendant failed to demonstrate by a preponderance of the evidence that his response to treatment was exceptional (see People v Boutin, 172 AD3d 1253; People v Eisenberg, 170 AD3d 1208, 1209). To the extent the defendant contends that the Supreme Court should have considered his participation in prison programs offered to the general population, he failed to establish by a preponderance of the evidence that such participation constituted a proper mitigating factor that was not adequately taken into account by the Guidelines (see People v Santogual, 157 AD3d 737, 738).
Contrary to the defendant's contention, the results of the three Static-99R alternate risk assessments, two performed by correctional officials and one performed by the Office of Mental Health, standing alone, do not qualify as mitigating factors (see People v Curry, 158 AD3d 52, 60).
The defendant's contention that he is entitled to a downward departure based upon purported mitigating circumstances including his lack of a sexual-based criminal history, his familial support, and the fact that the crimes of which he was convicted were committed nearly 10 years earlier, is unpreserved for appellate review as he failed to raise them at the SORA hearing (see People v Morales, 159 AD3d 841, 842). In any event, they are without merit, as he failed to demonstrate that they were not adequately taken into account by the Guidelines.
Accordingly, we agree with the Supreme Court's determinations designating the defendant a level three sex offender.
DILLON, J.P., AUSTIN, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court