People v Jimenez (2019 NY Slip Op 09306)





People v Jimenez


2019 NY Slip Op 09306


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2018-06226

[*1]People of State of New York, respondent,
v
Rafael Jimenez, appellant.


Paul Skip Laisure, New York, NY (Angad Singh of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Josette Simmons McGhee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Richard Buchter, J.), dated April 20, 2018, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 75 points, within the range for a presumptive designation as a level two sex offender. The court denied the defendant's request for a downward departure from his presumptive risk level and designated him a level two sex offender (see Correction Law § 168-a[7][b]). The defendant challenges the denial of his request for a downward departure.
We agree with the Supreme Court's determination denying the defendant's application for a downward departure to a risk level one determination. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Contrary to the defendant's contention, he failed to sustain his burden of proof in support of his application for a downward departure.
An offender's response to treatment, if exceptional, can form the basis for a downward departure (see Guidelines at 17; People v Washington, 84 AD3d 910). Although the defendant submitted evidence that he participated in and completed the sex offenders treatment program, he failed to establish by a preponderance of the evidence that his response to treatment was [*2]exceptional (see People v Boutin, 172 AD3d 1253, 1254; People v Eisenberg, 170 AD3d 1208, 1209; People v Palomeque, 170 AD3d 1055, 1056). The discharge summary from the program gave the defendant only a "fair" rating at the time of discharge. Additionally, while "[a]n offender's rehabilitation as evidenced by the totality of the record may, under some circumstances, constitute a proper mitigating factor for a downward departure" (People v Santogual, 157 AD3d 737, 738), here, the defendant did not prove by a preponderance of the evidence that his participation in and completion of other programs offered to the general prison population constituted a proper mitigating factor that was not otherwise adequately taken into account by the Guidelines (see id. at 738).
Although debilitating illness and/or advanced age may constitute a basis for a downward departure (see Guidelines at 5; People v Wallason, 169 AD3d 728, 729), an offender must demonstrate that a purported medical condition and/or age at the time of the SORA determination resulted in the overassessment of the offender's risk to public safety (see People v Bigelow, 175 AD3d 1443; People v Wallason, 169 AD3d at 729). Here, the defendant, who committed the offenses when he was in his early forties, failed to demonstrate that his age at the time of the SORA determination, 59 years old, resulted in an overassessment of his risk to public safety (see People v Saintilus, 169 AD3d 838, 839). Moreover, the defendant submitted no medical evidence demonstrating that his sexual functioning had been impaired by his medical condition and thus failed to show that there was a reduced risk of reoffense or that his medical condition resulted in the overassessment of his risk to public safety (see People v Wallason, 169 AD3d at 729).
Finally, although the defendant was designated a low risk by correction officials when they performed the Static-99R alternate risk assessment, this result, standing alone, does not qualify as a mitigating factor (see People v Curry, 158 AD3d 52, 60).
Accordingly, we agree with the Supreme Court's determination designating the defendant a level two sex offender.
DILLON, J.P., AUSTIN, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court