THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY PALMER, Appellant. [935 NYS2d 894]

The People established, by clear and convincing evidence, that the defendant had previously been convicted of a felony sex crime. Therefore, he was presumptively a level three sexually violent offender pursuant to an automatic override addressing prior felony convictions for sex crimes, irrespective of the points scored on the risk assessment instrument (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 3-4 [2006]; *People v Carter*, 85 AD3d 995 [2011]; *People v Guitard*, 57 AD3d 751, 752 [2008]). In any event, contrary to the defendant's contention, he was properly assessed 15 points

in the risk assessment instrument under the risk factor for history of drug or alcohol abuse, in light of his criminal history and the information contained in the presentence investigation report and case summary (*see People v Abrams*, 76 AD3d 1058 [2010]).

Furthermore, the County Court properly determined that the defendant was not entitled to a downward departure from his presumptive risk level assessment (*see People v Abreu*, 89 AD3d 711 [2011]; *People v Livingston*, 87 AD3d 628 [2011]). Accordingly, the defendant was properly designated a level three sexually violent offender. Mastro, A.P.J., Florio, Balkin and Chambers, JJ., concur.