The County Court correctly determined that it lacked the discretion to downwardly depart from the presumptive risk level because the defendant failed to identify, as a matter of law, a mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006) (hereinafter the Guidelines and Commentary) (see People v Wyatt, 89 AD3d 112, 124, 128 [2011]). Specifically, contrary to the defendant’s contention, the fact that the defendant, of his own volition, did not complete his sex offense, was adequately taken into account by the assessment of 0 points for risk factor two: “Sexual Contact with Victim.” As suggested in the Commentary to the Guidelines, the direction to assess 0 points in that category where no sexual contact actually occurred contemplates the situation in which there was no sexual contact with the victim due to the defendant’s “change of mind” (Guidelines and Commentary at 9). Accordingly, the mitigating factor cited by the defendant has adequately been taken into account by the Guidelines and Commentary, and, therefore, cannot serve as the basis for a downward departure (see generally People v Wyatt, 89 AD3d at 124, 128). Skelos, J.P., Hall, Austin and Hinds-Radix, JJ., concur.