Appeal by the defendant from an order of the County Court, Nassau County (Kase, J), dated December 15, 2006, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
Ordered that the order is affirmed, without costs or disbursements.
Correction Law § 168-n (3) requires a court making a risk level determination pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA) to “render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based” (Correction Law § 168-n [3]). Here, the SORA court failed to adequately set forth its findings of fact and conclusions of law in its order. However, since the record is sufficient for this Court to make its own findings of fact and conclusions of law, remittal is not required (see People v Finizio, 100 AD3d 977 [2012]; People v Harris, 93 AD3d 704, 704 [2012]; People v Guitard, 57 AD3d 751, 751 [2008]; People v Banks, 48 AD3d 656, 656 [2008]).
Contrary to the defendant’s contention, he was properly assessed 15 points under risk factor 11 (history of drug or alcohol abuse), in light of the information contained in the presentence investigation report (see People v Palmer, 91 AD3d 618 [2012]; People v Wright, 37 AD3d 797, 798 [2007]). Those 15 points, together with the points assessed against the defendant that were unchallenged, were sufficient to classify the defendant as a level two sex offender. Although the People concede that the as *938 sessment of points under risk factors 1 (use of violence) and 12 (acceptance of responsibility) was not appropriate, excluding those points from the total points assessed against the defendant does not alter his presumptive risk level.
In addition, the SORA court properly denied the defendant’s application for a downward departure from his presumptive risk level assessment, since he failed to satisfy the threshold condition of identifying an appropriate mitigating factor which is of a kind, or to a degree, that is otherwise not adequately taken into account by the SORA Guidelines (see People v Reynolds, 90 AD3d 630, 631 [2011]; People v Wyatt, 89 AD3d 112, 128 [2011]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]).
The defendant’s remaining contention is unpreserved for appellate review and, in any event, without merit. Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.