Appeal by the defendant from an order of the Supreme Court, Kings County (Sullivan, J.), dated February 15, 2011, which, upon a decision of the same court, also dated February 15, 2011, made after a hearing, designated him a level three sexually violent offender pursuant to Correction Law article 6-C.
Ordered that the order is affirmed, without costs or disbursements.
In establishing a defendant’s risk level pursuant to the Sex Offender Registration Act (Correction Law article 6-C), the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought (see Correction Law § 168-n [3]; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; People v Finizio, 100 AD3d 977, 977 [2012]). “In assessing points, evidence may be derived from the defendant’s admissions, the victim’s statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders ... or any other reliable source, including *814 reliable hearsay” (People v Crandall, 90 AD3d 628, 629 [2011]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; see also People v Mingo, 12 NY3d 563, 571-572 [2009]).
The only points challenged by the defendant before the Supreme Court, and the only points he challenges here, are the 15 points assessed under risk factor 11, based on a history of drug or alcohol abuse. Contrary to the defendant’s contentions, the information contained in the presentence report was “reliable” within the meaning of Correction Law § 168-n (3) (see People v Mingo, 12 NY3d at 574; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, General Principles 11 7 at 5 [2006]). Furthermore, the People established the facts supporting the assessment of points under risk factor 11 by clear and convincing evidence (see People v Boykin, 102 AD3d 937, 937 [2013]; People v Finizio, 100 AD3d at 978; People v Palmer, 91 AD3d 618, 618-619 [2012]). To the extent that the defendant’s testimony at the hearing was in conflict with statements attributed to him in the presentence report, we decline to disturb the Supreme Court’s credibility determination (see People v Longtin, 54 AD3d 1110, 1111 [2008]; see also People v Smith, 78 AD3d 917, 918-919 [2010]; People v Peana, 68 AD3d 737, 737 [2009]). Rivera, J.P, Dillon, Roman and Miller, JJ., concur.