Contrary to the defendant’s contention, he was properly assessed 15 points under risk factor 11 (history of drug or alcohol abuse) based on information contained in the presentence report *664 (see People v Boykin, 102 AD3d 937 [2013]; People v Murphy, 68 AD3d 832, 832-833 [2009]; People v Masters, 19 AD3d 387 [2005]). In light of the defendant’s contradictory statements, including his denial of his guilt when interviewed by the Nassau County Probation Department, the defendant was also properly assessed 10 points under risk factor 12 for failure to accept responsibility for his criminal conduct (see People v Mosley, 106 AD3d 1067, 1068 [2013]; People v Vega, 79 AD3d 718, 719 [2010]).
The Supreme Court properly denied the defendant’s application for a downward departure from his presumptive risk level two designation. Since the defendant failed to identify a mitigating factor not otherwise adequately taken into account by the Sex Offender Registration Act Guidelines, the Supreme Court lacked the discretion to grant such a downward departure (see People v Martinez, 104 AD3d 924, 924-925 [2013]; People v Whidbee, 101 AD3d 840 [2012]; People v Peeples, 98 AD3d 491, 491-492 [2012]).
The defendant’s contention that the Supreme Court deprived him of due process by using a Risk Assessment Instrument in determining his risk level is without merit (see People v Guitard, 57 AD3d 751 [2008]; People v Washington, 47 AD3d 908, 909 [2008]; People v Flowers, 35 AD3d 690, 690-691 [2006]). Mastro, J.P., Chambers, Lott and Miller, JJ., concur.