■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER COLEMAN, Appellant. [995 NYS2d 223]—

Appeal by the defendant from an order of the Supreme Court, Kings County (McKay, J.), dated May 31, 2012, which, after a hearing, designated him a level two sexually violent offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act (hereinafter SORA)] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (*People v Wyatt*, 89 AD3d 112, 128 [2011]; *see People v Gillotti*, 23 NY3d 841 [2014]; *People v Wortham*, 119 AD3d 666 [2014]).

Here, at the SORA hearing, the defendant requested that the Supreme Court downwardly depart from his presumptive risk level, relying, inter alia, upon his participation in a sex offender treatment program. In this respect, the defendant identified an appropriate mitigating factor that could provide a basis for a discretionary downward departure, as the SORA Risk Assessment Guidelines and Commentary recognizes that "[a]n offender's response to treatment, if exceptional, can be the basis for a downward departure" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]; *see People v Tisman*, 116 AD3d 1018, 1019 [2014]; *People v Watson*, 95 AD3d 978, 979 [2012]; *People v Washington*, 84 AD3d 910, 911 [2011]). However, the defendant failed to establish facts in support of this mitigating factor by a preponderance of the evi-

dence, because he did not establish that his response to treatment was exceptional (*see People v Tisman*, 116 AD3d at 1019; *People v Jackson*, 114 AD3d 739, 740 [2014]; *People v Guzman*, 110 AD3d 863, 864 [2013]; *People v Washington*, 105 AD3d 724, 725 [2013]; *People v Martinez*, 104 AD3d 924, 925 [2013]).

The remaining factors identified by the defendant were either adequately taken into account by the SORA Guidelines (*see People v Reede* 113 AD3d 663, 664 [2014]; *People v Boykin*, 102 AD3d 937, 938 [2013]), or did not warrant a downward departure from the presumptive risk level (*see People v Sheppard*, 114 AD3d 405, 406 [2014]; *People v Pittman*, 113 AD3d 497 [2014]; *People v Grubbs*, 107 AD3d 771, 773 [2013]; *People v Thomas*, 105 AD3d 640 [2013]; *People v Harris*, 93 AD3d 704, 706 [2012]). Accordingly, the Supreme Court properly denied the defendant's request for a downward departure from his presumptive designation as a level two sex offender. Rivera, J.P., Hall, Austin and Cohen, JJ., concur.