■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN MONTANO, Appellant. [998 NYS2d 907]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Foley, J.), dated January 19, 2012, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Correction Law § 168-n (3) requires a court making a risk level determination pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]) to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168-n [3]). Here, the Supreme Court failed to adequately set forth its findings of fact and conclusions of law. However, since the record is sufficient for this Court to make its own findings of fact and conclusions of law, remittal is not required (*see People v Johnson*, 118 AD3d 684, 684 [2014]; *People v Brown*, 116 AD3d 1017, 1017-1018 [2014]).

In determining a defendant's risk level pursuant to SORA (*see* Correction Law art 6-C), the People bear the burden of establishing the facts supporting the determinations sought by clear and convincing evidence (*see* Correction Law § 168-n [3]; *People v Mingo*, 12 NY3d 563, 571 [2009]; *People v Graves*, 121 AD3d 959 [2014]; *People v King*, 80 AD3d 681, 682 [2011]). Contrary to the defendant's contention, he was properly assessed 10 points under risk factor 12 for failure to accept responsibility for his conduct. The evidence before the Supreme Court, including the contents of the case summary and the presentence report, demonstrated by clear and convincing evidence that the defendant had not accepted responsibility for his conduct (*see People v Shkreli*, 115 AD3d 728, 728 [2014]; *People v Quinn*, 99 AD3d 776, 777 [2012]; *People v Ferrer*, 69 AD3d 513, 515 [2010]).

The Supreme Court properly denied the defendant's application for a downward departure from his designation as a level two sex offender. The record does not reflect the existence of any special circumstances that would warrant a downward departure (*see People v Johnson*, 118 AD3d at 685; *People v Wyatt*, 89 AD3d 112 [2011]).

The defendant's remaining contention is without merit.

Accordingly, the Supreme Court properly designated the defendant a level two sex offender. Mastro, J.P., Roman, Sgroi and Barros, JJ., concur.