■ THE PEOPLE OF STATE OF NEW YORK, Respondent, v CESAR GAME, Appellant. [13 NYS3d 900]—Appeal by the defendant from an order of the Supreme Court, Queens County (Koenderman, J.), dated February 24, 2014, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant's contention that the Supreme Court improperly assessed him points under risk factor 11 is unpreserved for appellate review, and we decline to reach it in the interest of justice (see CPL 470.05 [2]; People v DeDona, 102 AD3d 58 [2012]; People v Velardo, 80 AD3d 682 [2011]).

Contrary to the defendant's further contention, he was not entitled to a downward departure from his presumptive risk level. A downward departure from a sex offender's presumptive risk level generally is warranted only where there exists a mitigating factor of a kind or to a degree not otherwise adequately taken into account by the Sex Offender Registration Act (hereinafter SORA) Guidelines (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; People v Fryer, 101 AD3d 835, 836 [2012]; People v Bowens, 55 AD3d 809, 810 [2008]; People v Taylor, 47 AD3d 907, 908 [2008]; People v Burgos, 39 AD3d 520, 520 [2007]; People v Hines, 24 AD3d 524, 525 [2005]). "A defendant seeking a downward departure has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood

of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the SORA Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (*People v Fryer*, 101 AD3d at 836; *see People v Gillotti*, 23 NY3d 841, 861 [2014]; *People v Watson*, 95 AD3d 978, 979 [2012]).

Here, the defendant failed to establish facts in support of his claim that his response to treatment had been so exceptional as to justify a downward departure (*see People v Morgan*, 124 AD3d 742 [2015]; *People v Coleman*, 122 AD3d 599 [2014]; *People v Tisman*, 116 AD3d 1018, 1019 [2014]). In addition, the other factors identified by the defendant were either adequately taken into account by the SORA Guidelines (*see People v Reede*, 113 AD3d 663 [2014]), or did not warrant departure from the presumptive risk level (*see People v Montano*, 124 AD3d 857 [2015]; *People v Coleman*, 122 AD3d 599 [2014]). Accordingly, the Supreme Court properly classified the defendant as a level two sex offender (*see People v Gelin*, 128 AD3d 657 [2015]; *People v Fryer*, 101 AD3d at 836). Dillon, J.P., Chambers, Austin and Sgroi, JJ., concur.