■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER SANCHEZ, Appellant. [28 NYS3d 621]—Appeal by the defendant from an order of the Supreme Court, Queens County (Knopf, J.), dated February 10, 2014, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In seeking a departure from the presumptive risk level, a defendant must first identify a mitigating circumstance or circumstances "of a kind or to a degree not adequately taken into account by the [Sex Offender Registration Act] guidelines" (People v Gillotti, 23 NY3d 841, 861 [2014]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter the Guidelines]). The defendant then has the burden of proving by a preponderance of the evidence the existence of those circumstances in his or her case (see

*People v Gillotti*, 23 NY3d at 861, 864; *People v Wyatt*, 89 AD3d 112, 128 [2011]). If the defendant makes that two-fold showing, the court must determine whether the presumptive risk level overassesses the danger presented by the defendant and the risk of reoffense and, thus, whether a downward departure is warranted (*see People v Gillotti*, 23 NY3d at 861).

Here, the mitigating circumstances identified by the defendant either were adequately taken into account by the Guidelines, or were not proven by a preponderance of the evidence (*see People v Santiago*, 137 AD3d 762 [2d Dept 2016]). Accordingly, the Supreme Court properly denied the defendant's application for a downward departure. Rivera, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.