■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND VELASQUEZ, Appellant. [42 NYS3d 845]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Cyrulnik, J.), dated November 20, 2013, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, he was not entitled to a downward departure from his presumptive risk level. A downward departure from a sex offender's presumptive risk level generally is warranted only where there exists a mitigating factor of a kind or to a degree not otherwise adequately taken into account by the Sex Offender Registration Act (hereinafter SORA) guidelines (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; *People v Fryer*, 101 AD3d 835, 836 [2012]). A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (*People v Wyatt*, 89 AD3d 112, 128 [2011]; *see People v Gillotti*, 23 NY3d 841, 861 [2014]).

While a defendant's response to treatment may qualify as a ground for a downward departure where the response is exceptional (*see People v Washington*, 84 AD3d 910, 911 [2011]), here, the defendant failed to establish by a preponderance of the evidence that his response to treatment was exceptional (*see People v Figueroa*, 138 AD3d 708 [2016]; *People v Santiago*, 137 AD3d 762 [2016]; *People v Game*, 131 AD3d 460, 461

[2015]). In addition, the other factors identified by the defendant were either adequately taken into account by the SORA Guidelines, or did not warrant departure from the presumptive risk level (*see People v Game*, 131 AD3d at 461).

Accordingly, the Supreme Court properly denied the defendant's request for a downward departure and designated him a level two sex offender. Hall, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.