■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY NIEVES, Appellant. [50 NYS3d 568]—Appeal by the defendant from an order of the Supreme Court, Richmond County (Mattei, J.), dated March 20, 2015, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act: Risk Assessment Guidelines and Commentary; hereinafter Guidelines]; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (*People v Wyatt*, 89 AD3d 112, 128 [2011]; *see People v Gillotti*, 23 NY3d 841, 861 [2014]; *People v Wallace*, 144 AD3d

775 [2016]). If the defendant "surmounts the first two steps, the law permits a departure, but the court still has discretion to refuse to depart or to grant a departure" (*People v Gillotti*, 23 NY3d at 861; *see People v Wyatt*, 89 AD3d at 128).

Here, the defendant failed to sustain his burden of proof in support of his request for a downward departure. The mitigating circumstances identified by the defendant either were adequately taken into account by the Guidelines, or were not proven by a preponderance of the evidence (*see People v Velasquez*, 145 AD3d 924 [2016]; *People v Rossano*, 140 AD3d 1042, 1043 [2016]; *People v Sanchez*, 138 AD3d 946, 947 [2016]; *People v Santiago*, 137 AD3d 762, 764 [2016]). Accordingly, the Supreme Court properly denied his request for a downward departure. Rivera, J.P., Roman, Miller and Duffy, JJ., concur.