People v McKinney (2018 NY Slip Op 01345)





People v McKinney


2018 NY Slip Op 01345


Decided on February 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-06811

[*1]People of State of New York, respondent,
v
Darrell McKinney, appellant.


Paul Skip Laisure, New York, NY (Tammy E. Linn of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Kenneth Blake of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Alan Marrus, J.), dated April 14, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
A defendant seeking a downward departure from his or her presumptive risk level must identify mitigating circumstances that are of a kind, or to a degree, not adequately taken into account by the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006) (hereinafter the SORA Guidelines) and must prove the existence of those circumstances by a preponderance of the evidence (see People v Gillotti, 23 NY3d 841, 861, 864; People v Wyatt, 89 AD3d 112, 128). If the defendant satisfies that burden, "the law permits a departure, but the court still has discretion to refuse to depart or to grant a departure" (People v Gillotti, 23 NY3d at 861).
Here, the alleged mitigating circumstances identified by the defendant either were adequately taken into account by the SORA Guidelines, or were not proven by a preponderance of the evidence (see People v Nieves, 149 AD3d 881, 882; People v Sanchez, 138 AD3d 946, 947). Accordingly, the Supreme Court properly denied his request for a downward departure from his presumptive designation as a level three sex offender.
RIVERA, J.P., COHEN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court