People v Samuel (2018 NY Slip Op 01628)





People v Samuel


2018 NY Slip Op 01628


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-09730

[*1]People of State of New York, respondent,
v
Jamall Samuel, appellant.


Paul Skip Laisure, New York, NY (Jenin Younes of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Danielle M. O'Boyle of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Stephen A. Knopf, J.), dated September 8, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant appeals from his designation as a level two sex offender pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), contending that the Supreme Court should have granted his request for a downward departure from his presumptive risk level two designation to a risk level one designation.
Generally, "[a] court determining a defendant's risk level under [SORA] may not downwardly depart from the presumptive risk level unless the defendant first identifies and proves by a preponderance of the evidence the facts in support of a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the SORA Guidelines'" (People v Warren, 152 AD3d 551, 551, quoting People v Lathan, 129 AD3d 686, 687; see People v Gillotti, 23 NY3d 841, 861; People v Wyatt, 89 AD3d 112, 128; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]).
Here, the defendant failed to sustain his burden of proof in support of his request for a downward departure. The mitigating circumstances identified by the defendant either were adequately taken into account by the SORA Guidelines, or were not proven by a preponderance of the evidence (see People v Velasquez, 145 AD3d 924, 924-925; People v Game, 131 AD3d 460, 461; People v Coleman, 122 AD3d 599, 599-600; People v Wyatt, 89 AD3d at 131).
Accordingly, the Supreme Court properly denied the defendant's request for a downward departure from his presumptive risk level designation.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court