People v Martinez (2018 NY Slip Op 02493)





People v Martinez


2018 NY Slip Op 02493


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-13039

[*1]People of State of New York, respondent,
v
David Martinez, appellant.


Seymour W. James, Jr., New York, NY (Michael C. Taglieri of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Joyce Adolfsen of counsel; Walker Halstad on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated November 16, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The Supreme Court did not err in denying the defendant's request for a downward departure from his presumptive risk level to risk level one. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act (hereinafter SORA)] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]).
Here, the mitigating circumstances identified by the defendant either were adequately taken into account by the SORA Guidelines, or were not proven by a preponderance of the evidence (see People v Velasquez, 145 AD3d 924, 924-925; People v Game, 131 AD3d 460, 461; People v Coleman, 122 AD3d 599, 599-600; People v Wyatt, 89 AD3d 112, 131).
Accordingly, the Supreme Court properly denied the defendant's request for a downward departure from his presumptive risk level designation.
RIVERA, J.P., ROMAN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court