People v Balcuns (2018 NY Slip Op 03554)





People v Balcuns


2018 NY Slip Op 03554


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-02569

[*1]People of State of New York, respondent, 
v
Alfred E. Balcuns, appellant.


Laurette D. Mulry, Riverhead, NY (Kirk R. Brandt of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Michael J. Brennan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated January 26, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
At a hearing pursuant to the Sex Offender Registration Act (see Correction Law § 168 et seq.; hereinafter SORA), the defendant was assessed 80 points under the Risk Assessment Instrument, which would have placed him within the range for a presumptive level two designation. However, based upon the defendant's 2001 conviction of sexual abuse in the first degree stemming from sex abuse charges involving a two-year-old or three-year-old child, the Board of Examiners of Sex Offenders recommended that the defendant be classified as a level three sex offender, as a defendant is deemed a presumptive level three predicate sex offender in circumstances where, as here, the defendant had committed repeated sex offenses (see People v Berry, 138 AD3d 945, 946; People v Roache, 110 AD3d 776, 777; People v Carter, 85 AD3d 995, 996).
The defendant contends that the County Court improvidently exercised its discretion in denying his request for a downward departure from the presumptive risk level.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). Here, the mitigating circumstances identified by the defendant either were adequately taken into account by the SORA Guidelines or were not proven by a preponderance of the evidence (see People v Velasquez, 145 AD3d 924, 924-925; People v Game, 131 AD3d 460, 461; People v Coleman, 122 AD3d 599, 599-600; People v Wyatt, 89 AD3d at 131).
Accordingly, the County Court properly denied the defendant's request for a downward departure from his presumptive risk level designation.
SCHEINKMAN, P.J., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court