People v Morris (2018 NY Slip Op 03714)





People v Morris


2018 NY Slip Op 03714


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-02910

[*1]People of State of New York, respondent,
v
Frederick Morris, appellant.


Seymour W. James, Jr., New York, NY (Denise Fabiano of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Kenneth Blake of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated March 1, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act (hereinafter SORA)] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]).
Here, the alleged mitigating circumstances identified by the defendant either were adequately taken into account by the SORA Guidelines or were not proven by a preponderance of the evidence (see People v Nieves, 149 AD3d 881, 882; People v Velasquez, 145 AD3d 924, 924-925; People v Robinson, 145 AD3d 805, 806; People v Perez, 138 AD3d 1081, 1082; People v Sanchez, 138 AD3d 946, 947). Accordingly, the Supreme Court properly denied his request for a downward departure from the presumptive designation as a level three sex offender.
RIVERA, J.P., MILLER, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court