People v Brown (2018 NY Slip Op 03863)





People v Brown


2018 NY Slip Op 03863


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2014-05834

[*1]People of State of New York, respondent,
v
Gary Brown, appellant.


Seymour W. James, Jr., New York, NY (Nancy E. Little of counsel; Emma Shreefter on the brief), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Anne Grady of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (Leonard P. Rienzi, J.), dated May 23, 2014, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court did not err in denying the defendant's request for a downward departure from his presumptive risk level designation. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]).
Here, the defendant failed to sustain his burden of proof in support of his request for a downward departure. The mitigating circumstances identified by the defendant either were adequately taken into account by the Guidelines, or were not proven by a preponderance of the evidence (see People v Velasquez, 145 AD3d 924, 924-925; People v Game, 131 AD3d 460, 461; People v Shelton, 126 AD3d 959, 960; People v Coleman, 122 AD3d 599, 599-600). The defendant's contention that the use of the risk assessment instrument prepared by the Board of Examiners of Sex Offenders violated his right to due process is without merit (see People v Warren, 152 AD3d 551; People v Ferrer, 69 AD3d 513, 514).
Accordingly, we agree with the Supreme Court's determination to deny the defendant's request for a downward departure from his presumptive risk level designation and designate him a level three sex offender.
MASTRO, J.P., BALKIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court