People v Artis (2018 NY Slip Op 04763)





People v Artis


2018 NY Slip Op 04763


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-04339

[*1]People of State of New York, respondent,
v
Michael Artis, appellant.


Laurette D. Mulry, Riverhead, NY (Kirk R. Brandt of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Michael J. Brennan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated March 15, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant appeals from his designation as a level two sex offender pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), contending that the County Court should have granted his application for a downward departure from his presumptive risk level designation.
While a defendant's response to sex offender treatment may qualify as a ground for a downward departure where the response is "exceptional" (SORA: Risk Assessment Guidelines and Commentary at 17 [2006][hereinafter the Guidelines]), here, the defendant failed to establish by a preponderance of the evidence that his response to treatment was exceptional (see People v Carini, 156 AD3d 829, 829-830; People v Velasquez, 145 AD3d 924, 924; People v Dyson, 130 AD3d 600, 600-601; People v Torres, 124 AD3d 744, 746). The defendant failed to identify any other mitigating circumstances that are of a kind or to a degree not adequately taken into account by the Guidelines (see People v Gillotti, 23 NY3d 841, 861). Accordingly, the County Court properly denied the defendant's application for a downward departure from his presumptive risk level designation.
AUSTIN, J.P., ROMAN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court