People v Stanley (2018 NY Slip Op 07163)





People v Stanley


2018 NY Slip Op 07163


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2016-01654

[*1]People of State of New York, respondent,
v
Vernon Stanley, appellant.


The Legal Aid Society, New York, NY (Steven J. Miraglia of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Joyce Adolfsen of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated February 3, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
We agree with the Supreme Court's assessment of 20 points for the defendant's continuing course of misconduct based upon "reliable hearsay" evidence, including the victim's statements that the defendant on three separate occasions in 1998 entered the victim's bedroom at night and touched the victim's penis, which statements were corroborated by the counselor to whom the victim initially reported these incidents (People v Mingo, 12 NY3d 563, 571; see People v Butler, 157 AD3d 727, 731). We also agree with the Supreme Court's assessment of 20 points for the defendant's use of his professional and/or avocational relationship with the victim as a counselor in the group home in which the victim resided to victimize the young and particularly vulnerable victim (see People v Riverso, 96 AD3d 1533, 1534; People v Carlton, 78 AD3d 1654, 1655; People v Farrell, 78 AD3d 1454, 1455).
We agree with the Supreme Court's denial of the defendant's request for a downward departure from his presumptive risk level to risk level one. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act (hereinafter SORA)] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter SORA Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the mitigating circumstances identified by the defendant either were adequately taken into account by the SORA Guidelines, or were not proven by a preponderance of the evidence [*2](see People v Martinez, 160 AD3d 781; People v Velasquez, 145 AD3d 924, 924-925; People v Game, 131 AD3d 460, 461; People v Coleman, 122 AD3d 599, 599-600).
Accordingly, we agree with the Supreme Court's determination designating the defendant a level two sex offender pursuant to Correction Law article 6-C.
SCHEINKMAN, P.J., DILLON, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court