People v Cox (2019 NY Slip Op 04428)





People v Cox


2019 NY Slip Op 04428


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-02323

[*1]People of State of New York, respondent,
v
Thomas D. Cox, appellant. Patrick Michael Megaro, Forest Hills, NY, for appellant.


Madeline Singas, District Attorney, Mineola, NY (Laurie K. Gibbons and Amanda Manning of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Robert A. McDonald, J.), dated January 18, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant's contention that the Supreme Court, in determining his risk level under the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), improperly assessed him points under risk factor 1 is unpreserved for appellate review, since he did not object to the assessment of these points at the SORA hearing (see People v Hitchcock, 165 AD3d 849, 849; People v Bethel, 165 AD3d 712, 713; People v Game, 131 AD3d 460). We decline to reach that contention in the interest of justice (see People v Game, 131 AD3d 460).
Contrary to the defendant's further contention, the Supreme Court providently exercised its discretion in granting the People's application for an upward departure from the presumptive risk level. "Under SORA, a court must follow three analytical steps to determine whether or not to order a departure from the presumptive risk level" (People v Gillotti, 23 NY3d 841, 861). First, "the court must decide whether the aggravating or mitigating circumstances alleged by a party seeking a departure are, as a matter of law, of a kind or to a degree not adequately taken into account by the [SORA] guidelines" (id. at 861; see People v Wyatt, 89 AD3d 112, 124, 128; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). Second, "the court must decide whether the party requesting the departure has adduced sufficient evidence to meet its burden of proof in establishing that the alleged aggravating or mitigating circumstances actually exist in the case at hand" (People v Gillotti, 23 NY3d at 861; see People v Wyatt, 89 AD3d at 124, 128). Third, "the court must exercise its discretion by weighing the aggravating and mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism" (People v Gillotti, 23 NY3d at 861; see People v Wyatt, 89 AD3d at 128).
Here, the Board of Examiners of Sex Offenders (hereinafter the Board) determined that the defendant was a level two sex offender based upon the risk assessment instrument (hereinafter RAI), but recommended an upward departure to level three as the totality of the [*2]defendant's criminal history was not captured in the RAI. The evidence submitted by the People at the SORA hearing, which included reliable hearsay (see People v Mingo, 12 NY3d 563, 574-575), detailed a number of aggravating factors that were not adequately taken into account in the RAI and the Guidelines (see People v Parisi, 147 AD3d 1162, 1164). The Supreme Court's determination, adopting the recommendation of the Board to upwardly depart from the presumptively correct classification of the defendant, is based upon clear and convincing evidence (see e.g. People v Parisi, 147 AD3d at 1164; People v Vives, 57 AD3d 312, 313; People v O'Flaherty, 23 AD3d 237; People v Sanford, 16 AD3d 1082, 1082-1083), and contrary to the defendant's contention, there was no improper double counting.
Accordingly, we agree with the Supreme Court's determination to designate the defendant a level three sex offender.
CHAMBERS, J.P., MALTESE, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court