People v Walker (2019 NY Slip Op 06424)





People v Walker


2019 NY Slip Op 06424


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2018-04464

[*1]People of State of New York, respondent,
v
Brittany Walker, appellant.


Laurette D. Mulry, Riverhead, NY (Kirk R. Brandt of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Edward A. Bannan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated February 28, 2018, which, after a hearing, designated her a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted in the United States District Court, Eastern District of Virginia, upon her plea of guilty, inter alia, of the federal felony of sex trafficking by force, fraud, and coercion (18 USC § 1591[a][1]; [b][1]). The Board of Examiners of Sex Offenders (hereinafter the Board) assessed the defendant a total of 135 points, including 5 points for risk factor 2 (sexual contact with victim, contact over clothing), 30 points for risk factor 5 (age of victim, 10 or less, 63 or more), and 20 points for risk factor 7 (relationship with victim, stranger or established for purpose of victimizing). Following a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the County Court, in effect, declined to assess points under risk factors 2 and 7, but assessed the other points under the respective risk factors for a total of 110 points, which placed the defendant within the range of a presumptive level three sex offender. The County Court denied the defendant's request for a downward departure from the presumptive risk level, and adjudicated the defendant a level three sex offender. The defendant appeals.
The County Court's assessment of points was supported by clear and convincing evidence (see People v Dash, 111 AD3d 907, 908). The People submitted reliable evidence that the defendant, who was a part of a sex trafficking scheme, admitted to federal agents in an audio- and video-recorded interview that she kidnapped an infant child of one of the victims of that scheme in an effort to force the victim to perform commercial sex acts. Since the evidence supporting the assessment of points under risk factor 5 was derived from the defendant's admissions (see SORA: Risk Assessment Guidelines and Commentary at 5; People v Snay, 122 AD3d 1012, 1013), we agree with the court's determination to assess 30 points for risk factor 5.
The County Court, in effect, granted the defendant's request to decline to assess points under risk factors 2 and 7. Thus, the defendant's arguments concerning the propriety of assessment of points under those risk factors are not properly before this Court (see People v Fonteboa, 149 AD3d 880, 881; People v Boykin, 102 AD3d 937, 937-938).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, we agree with the County Court's determination denying the defendant's application for a downward departure from the presumptive designation as a level three sex offender. The factors on which the defendant relied in support of her request for a downward departure were adequately taken into account by the SORA Guidelines and, in any event, were not proven by a preponderance of the evidence, as her testimony was uncorroborated and inconsistent with other statements made by the defendant (see People v Rocano-Quintuna, 149 AD3d 1114, 1115; People v Johnson, 118 AD3d 684, 685).
SCHEINKMAN, P.J., CHAMBERS, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court