People v Snyder (2019 NY Slip Op 06521)





People v Snyder


2019 NY Slip Op 06521


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-11676

[*1]People of State of New York, respondent, 
v
Crystal Snyder, appellant. Jeffrey D. Cohen, Kew Gardens, NY, for appellant.


John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and William H. Branigan of counsel; Deanna Russo on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Gene R. Lopez, J.), dated August 15, 2018, which, after a hearing, designated her a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the defendant is designated a level one sex offender.
The defendant pleaded guilty to the federal charge of sex trafficking conspiracy (see 18 USC §§ 1594[c]; 1591) and was sentenced to time served, as well as a period of supervised release. The federal conviction required her to register as a sex offender under the Sex Offender Registration Act (hereinafter SORA) (see Correction Law § 168-a[2][d][i]). At a SORA hearing to determine the defendant's risk level, defense counsel requested that, despite the defendant's score on the risk assessment instrument, which placed her in the presumptive level two risk category, the Supreme Court exercise its "wide discretion" and designate the defendant a level one sex offender, based upon the fact that the defendant was not a predator, but, rather, a victim herself of the commercial sex trade. The court designated the defendant a level two sex offender. The defendant appeals, arguing that her application for a downward departure should have been granted.
Initially, we reject the People's argument that the defendant's contention is unpreserved for appellate review. Although defense counsel's contentions at the hearing were not clearly articulated, they are properly construed as requesting a downward departure. Moreover, despite the Supreme Court's failure to make findings of fact and conclusions of law on the downward departure application, the record is sufficient for this Court to make its own findings of fact and conclusions of law on that issue (see e.g. People v Varvaro, 171 AD3d 958).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender [*2]Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter SORA Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the circumstances identified and proven by the defendant (see People v Mingo, 12 NY3d 563, 572-573) are not accounted for by the SORA Guidelines and tend to demonstrate a lower likelihood of reoffense and danger to the community. The defendant's evidence showed that she was exploited by the commercial sex industry when she was a minor, and that, while she later took on some "management" responsibilities by "training" other girls, answering phones, and making appointments, at the same time, she continued to be exploited by that industry as she simultaneously served as a sex worker. There was no evidence or indication that the defendant recruited the identified victim, or any victims, or that she engaged in any acts or conduct to coerce the victim, or any victims, to engage in prostitution (cf. People v Walker, ____ AD3d ____, 2019 NY Slip Op 06424 [2d Dept 2019]). Indeed, the defendant's level of responsibility in the sex trafficking conspiracy can be gauged by the federal sentencing court's decision to sentence the defendant to time served.
Finally, under these circumstances, we find that a departure to a level one risk designation is warranted as a matter of discretion "to avoid an [overassessment] of the defendant's dangerousness and risk of sexual recidivism" (People v Gillotti, 23 NY3d at 861).
Accordingly, the Supreme Court should have granted the defendant's application for a downward departure and designated the defendant a level one sex offender.
BALKIN, J.P., CHAMBERS, COHEN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court